Wayne B. Mortensen (#18519)
FARNSWORTH MORTENSEN
LAW OFFICES
1837 S. Mesa Dr., Ste. A103
Mesa, Arizona 85210
(480) 820-3600
Fax (480) 820-4800
fmcourt@gmail.com
Attorneys for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT
# IN THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>GILDA BAKER EDWARDS<br>SS# ***-**-2469<br><br><br><br><br><br><br>_____ Debtor._____ | In Proceedings Under<br>Chapter Thirteen<br><br>Case No. 4-13-bk-08901 SHG<br><br>ORDER CONFIRMING 3rd MODIFIED<br>CHAPTER THIRTEEN PLAN APPOINTING<br>TRUSTEE DIRECTING PAYMENTS,<br>AND FIXING COMMISSION AND<br>EXPENSES OF TRUSTEE |

This proceeding coming on regularly to be heard by the Court; the Debtor having been represented by counsel, FARNSWORTH MORTENSEN LAW OFFICES; and the Court having considered the entire record before it:

**THE COURT FINDS AS FOLLOWS:**

1. The Debtor's 3rd Modified Chapter 13 Plan has been accepted in writing, or is deemed to have been accepted, by the creditors whose acceptance is required by law.

2. The Plan has been proposed and its acceptance procured in good faith and not by any means, promises, or acts forbidden by law.

3. The Plan is in the best interest of the creditors and is feasible taking into account the statement filed by the Debtor.

4. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim, if the estate of the Debtor(s) were liquidated under Chapter 7, Title 11, United States Code, on such date. The Plan accommodates payments to the unsecured creditors at pro rata of the amount due.

5. Creditor secured by first deed of trust on residence (9600 E. Paseo San Rosendo, Tucson, AZ), Wells Fargo Bank, to receive regular monthly payments outside of the Plan, directly from a third party. An escrow shortage in the sum of $108.82, to be paid in full through the Trustee, no interest. The shortage will be cured within the length of the Plan.

Creditor secured by second deed of trust on residence (9600 E. Paseo San Rosendo, Tucson, AZ), Wells Fargo Bank, to receive the regular monthly mortgage payments through the Chapter 13 Plan, beginning August 2015. There are no pre-petition arrears, however the creditor does state there is interest due in the sum of $56.39, in addition to post-petition arrears in the sum of $5,619.21 (10/14 - 7/15), which will be paid in full through the Trustee, no interest.

Creditor secured by property tax liens on residence, 9600 E. Paseo San Rosendo, Tucson, AZ, __Pima County__, to receive regular payments outside of the Plan, directly from the mortgage company. There are no pre-petition arrears. (Any redetermination of the value of the residential property will not affect the valuation used to assess Pima County ad valorem property taxes.)

The bankruptcy filing, plan and Order Confirming are not intended to impair or alter the rights of Pima County with regard to property taxes. The bankruptcy filing, plan and Order Confirming will not alter or impair payments to Pima County that are made under contract through the mortgage company.

Debtor will maintain regular association payments to Hacienda del Oro outside of the plan. Pre-petition arrears accrued through May 2013 in the sum of $230.25 will be paid for in full through the Trustee with interest at 8 %. The arrears to be cured within the length of the Plan.

Any proceeds from the sale of Debtor's residence, over and above Debtor's $150,000.00 homestead exemption recorded in the office of the Pima County Recorder, and after full satisfaction of the then-existing balance due on any creditors secured by that residence, to be turned over to the Trustee, if necessary, during the first 36 months of the plan.

//////
//////
//////

Case 4:13-bk-08901-SHG   Doc 80   Filed 03/25/16   Entered 03/28/16 07:19:03   Desc
Main Document    Page 2 of 6

6. Creditor secured by a 2012 Nissan Sentra, Capital One Finance, to be paid $24,608.00 as secured, through the Trustee, with interest at _5_%, in monthly adequate protection payments of $231.00, accruing month one of the confirmed Plan, with payments to increase prorata. Unpaid balance to be classified as an unsecured nonpriority claim.

Creditor secured by a 2005 Mercedes C230, PLS Loan Services, to be paid $9,124.77 as secured, through the Trustee, with interest at _5_%, in monthly adequate protection payments of $91.00, accruing month one of the confirmed Plan, with payments to increase prorata. Unpaid balance to be classified as an unsecured nonpriority claim.

7. Based on figures presented, the trustee estimates a __60__ month duration of Plan payments.

8. Tax Claims to be paid as follows:

  a. Paid as priority claims:

  | YEAR | AMOUNT |
  |---|---|
  | 2012 Arizona Income | $546.72 |

  b. Secured Tax Claims upon which interest pursuant to IRC Sections 6621 and 6222 are to be paid as follows:

  | YEAR | AMOUNT |
  |---|---|
  | NONE | |

  Any taxes not paid by the plan, or a claim that is not allowed, shall be discharged, except as provided by 11 U.S.C. §1328(a). In addition, any liens placed by the respective tax agencies are to be released and extinguished upon payment, or upon entry of discharge. **Property taxes are excluded from this provision.**

  c. Paid as unsecured, nonpriority claims:

  | YEAR | AMOUNT |
  |---|---|
  | Arizona Penalties | $132.25 |

- 3 -

Case 4:13-bk-08901-SHG   Doc 80   Filed 03/25/16   Entered 03/28/16 07:19:03   Desc
Main Document    Page 3 of 6

1     9.    Counsel's administrative costs and attorney fees for this case total $4,500.00.
Debtor's paid $<u>400.00</u> prior to filing and the balance of $<u>4,100.00</u> will be paid under the Plan.

~~10~~. ✱ Any property or funds submitted to the Trustee pursuant to this Order Confirming in excess of the monthly amounts required by this Order Confirming the Plan of reorganization will be treated as ~~advanced~~ <ins>Supplemental</ins> payments. In the event the Debtors file a modified plan pursuant to 11 U.S.C. §1329, the yield to non-priority unsecured creditors under such modified plan need not necessarily equal the yield under this present Order Confirming, provided that the Debtor's projected disposable income during the first 36 months of the Plan be applied as Plan payments, and the non-priority unsecured creditors receive not less than what they would receive in a Chapter 7 proceeding. <u>In re Porter</u>, 102 B.R. 773,777 (9th Cir. BAP 1989). <u>In re Anderson</u>, 21 F.3d 355, 356 (9th Cir. 1994). **In no event will the Plan duration be less than thirty-six (36) months., exclusive of any property recovered by the Trustee unless all allowed claims are paid in full. 11 U.S.C. §1325(b)(1).**

11. Debtor is reminded that all payments must be remitted on or before the stated due date each month. Late or missed payments may cause additional interest to accrue on secured debts, which could result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge of the case will be entered. This requirement applies regardless of Plan payment suspensions, waivers or moratoriums.

12. The Plan and this Order shall not constitute an informal proof of claim for any creditor.

13. Any repayment schedule which is or may have been attached to or referenced in the plan or any previous order is completely speculative, is not binding on the Trustee, and should not be relied upon by creditors.

14. **<u>General Unsecured Claims</u>**. Such claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328(a).

15. Debtor is required to turn over to the trustee, copies of the state and federal income tax returns for each year during the duration of the Plan, within 30 days of filing said returns.

- 4 -

✱ If the Debtor receives a tax refund in excess of $1000.00, the Debtor shall pay such refund directly to the Trustee as supplements ~~to the Plan~~

**IT IS ORDERED AS FOLLOWS:**

1. The Debtor's Plan is confirmed;

2. The Debtor shall pay in lump sum payments to the Trustee on the __24th__ day of each month;

   **$775.00 each month for month 1 through month 23 (6/13 - 4/15)**
   **$000.00 each month for month 24 through month 27 (5/15 - 8/15)**
   **$1,770.00 each month for month 28 through month 31 (9/15 - 12/15)**
   **$1,790.00 each month for month 32 through month 59 (1/16 - 4/18)**
   **$1,975.00 each month for month 60 (5/18)**

   The Trustee shall disburse such funds in accordance with the Plan, Chapter 13 and Orders of the Court.

3. The Trustee shall receive such percentage fee of the Plan payments as may periodically be fixed by the Attorney General pursuant to 28 U.S.C. 586(e). The Trustee's fee is not to exceed 10%.

***SIGNED & DATED ABOVE***

The foregoing approved as
to form and content by:

_____ 3-24-11          /s/ Wayne Mortensen (#18519)
Dianne C. Kerns                  Wayne Mortensen
PMB 413                          Counsel for Debtors
7320 N. La Cholla, #154
Tucson, AZ 85741-2305
Trustee

# PLAN ANALYSIS

Debtor: Gilda Edwards                                     Case No. 4:13-bk-08901 SHG

Prior: Bankruptcy ( )          Chapter 13 ( )          Date:_____

Estimated length of Plan: 60 months.

TRUSTEE USE:
Section 341(a) Meeting Date: _____
Continued: _____
Confirmed Date: _____

*********************************************************************

TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES.

1. Trustee's compensation (10% of plan payments) .............................. $7,700.00
2. Ongoing post-petition mortgage payments ................................... $20,400.00
3. Administrative expenses and claims ........................................ $4,100.00
4. Priority claims ........................................................... $546.72
5. Prepetition mrtg or lease arrears, or amount to cure defaults, including interest .... $6,064.24
6. Secured personal property claims, including interest ...................... $38,000.00
7. Amount to unsecured nonpriority claims .................................... $189.04

**TOTAL OF PLAN PAYMENTS** .................................................. $77,000.00

### Section 1325 Analysis.

(1)   Best Interest of Creditors Test:
    ( a )   Value of Debtor's interest in nonexempt property ........................ $876.00
    ( b )   Plus: Value of property recoverable under avoiding powers ................ $0.00
    ( c )   Less: Estimated Chapter 7 administrative expenses ....................... $241.34
    ( d )   Less: Amounts payable to unsecured, priority creditors .................. $546.72
    ( e )   **Equals:** Estimated amount payable to unsecured, non priority claims
        if Debtor filed Chapter 7 .............................................. $87.94

Paragraph (2) to be completed by Debtors whose current monthly income exceeds the state's median income.

(2)   Section 1325(b) Analysis:

    ( a )   Monthly disposable income under §1325(b)(2), Form B22C,
        Statement of Current Monthly Income ..................................... $0.00
    ( b )   Applicable Commitment Period (x60) ...................................... x 60
    ( c )   Section 1325(b)(2) monthly disposable income amount multiplied by 60 .... $0.00

**Estimated Payment to Unsecured, Nonpriority Creditors Under Plan** ........ $189.04

\*\* IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS OF THE PLAN AS CONFIRMED CONTROL.

- 6 -

Case 4:13-bk-08901-SHG   Doc 80   Filed 03/25/16   Entered 03/28/16 07:19:03   Desc
Main Document    Page 6 of 6